UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SU YATANAR & MARK LABREW,                             :
                                                      :
                                                      :
                    Plaintiffs,                       :
                                                      :
         - against -                                  :      **ORDER**
                                                      :
CITY OF NEW YORK, NEW YORK CITY                       :      24-CV-687 (MKB)(PK)
TRANSIT AUTHORITY, CONSOLIDATED                       :
EDISON, INC., AND CONSOLIDATED                        :
EDISON COMPANY OF NEW YORK, INC.,                     :
                                                      :
                    Defendants.                       :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Su Yatanar and Mark Labrew (collectively, "Plaintiffs") bring this negligence action against Consolidated Edison, Inc., Consolidated Edison Company of New York, Inc. (with Consolidated Edison, Inc., "ConEd"), the City of New York, and the New York City Transit Authority (collectively, "Defendants"), for damages arising from injuries Ms. Yatanar sustained when she was struck by a motor vehicle in Long Island City, New York, on November 26, 2022 (the "Accident"). (*See* Am. Compl., Dkt. 59.) Plaintiffs contend that Ms. Yatanar "tripped in a hole directly abutting . . . a utility vault/metal access panel installed in the public street" ("Service Box"), "causing her to fall forward onto the street and into the path of oncoming traffic." (Am. Compl. ¶ 5.)

On April 11, 2025, Plaintiffs and ConEd filed a joint letter requesting a conference to address a discovery dispute regarding discovery requests that Plaintiffs served on ConEd for documents related to the Service Box, which ConEd owns. ("Joint Ltr.," Dkt. 55.) At the Discovery Conference held on April 18, 2025, counsel for ConEd requested the opportunity to submit further briefing regarding its refusal to produce certain records and a witness to testify at deposition. The parties were

1

directed to confer and, if unable to resolve the dispute, file a motion to compel and any opposition. Plaintiffs filed the motion to compel ("Motion," Dkt. 59), and ConEd filed the Opposition (Dkt. 62).

For the reasons stated below, the Motion is granted.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 34(a)(1)(A) permits a party to a civil action to "serve on any other party a request within the scope of Rule 26(b) to produce . . . any designated document or electronically stored information." Under Rule 26(b)(1),

> the scope of discovery is . . . any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Rule 26(b) "is liberally construed and is necessarily broad in scope." *New Falls Corp. v. Soni*, No. 16-CV-6805 (ADS)(AKT), 2020 WL 2836787, at *1 (E.D.N.Y. May 29, 2020) (quotation and citation omitted). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 295 (E.D.N.Y. 2024) (internal quotation omitted). To determine whether discovery is "proportional to the needs of the case," the Court considers "the marginal utility of the discovery sought," *Soni*, 2020 WL 22836787, at *2, and the factors outlined in Rule 26. "Proportionality and relevancy are assessed together, and the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Khaim*, 755 F. Supp. 3d at 296 (internal quotation omitted).

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." Fed. R. Civ.

2

P. 26(c). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 580 (E.D.N.Y. 2024) (quoting *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021)). "The burden of showing good cause for the issuance of a protective order falls on the party seeking the order." *Ampong v. Costco Wholesale Corp.*, 550 F. Supp. 3d 136, 139 (S.D.N.Y. 2021).

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012).

## II. Application of Facts to Law

Plaintiffs seek to compel ConEd to produce certain documents regarding maintenance of the Service Box that took place during a one-year period from 2008 to 2009, and to produce an employee witness for a 30(b)(6) deposition. ConEd opposes both requests and asks that the Court order Plaintiffs to be deposed before any defendant.

### A. Production of Documents

Plaintiffs seek an order compelling ConEd to produce "records relating to inspection, maintenance, and repairs at the site of the subject accident from the narrowly tailored period of March 7, 2008 through and including March 7, 2009 . . . relating to the [Service Box]." (Mot. at 10.) Plaintiffs request this information in order to determine whether they need to add as necessary parties "any third-party contractors" who performed maintenance work on the Service Box. (*Id.*)

ConEd opposes Plaintiffs' request for documents because (1) "the sought-after records from 2008–2009 have no rational, non-speculative connection to the alleged accident location at the time of Plaintiff Yatanar's 2022 accident"; and (2) the period from which Plaintiffs seek documents is "patently overbroad in its reach. . . ." (Opp. at 8.)

3

ConEd contends that the deposition testimony of certain non-party witnesses renders Plaintiffs' document requests irrelevant or not proportional to the needs of this case. (*See* Opp. at 2–7). Non-party witness Damon Watson, who encountered Ms. Yatanar in the roadway after she was struck, testified that she was "lying in the roadway under the elevated subway tracks," which is not near the Service Box. (*Id.* at 3.) ConEd contends that the testimony of non-party witness William Yan, an EMT who responded to the accident, also demonstrates that Ms. Yatanar was not found near the Service Box. (*Id.* at 4–5.)

ConEd contends that other evidence, including the report produced by Mr. Yan and video footage of nearby cameras, tends to show the Service Box could not have contributed to the Accident. (Opp. at 4–6.) As a result, ConEd argues that it should be dismissed from this action. (*See* Joint Ltr. at 2–3, Dkt. 55 ("This lawsuit should be discontinued against" ConEd.); *id.* at 3 ("[I]f Plaintiffs will not discontinue against [ConEd] at this time, Plaintiffs should be obliged to submit to deposition prior to the [ConEd] Defendants.").) While these arguments may be appropriately raised in a motion for summary judgment after the conclusion of all discovery, at this stage, the Court does not find that the requested information is irrelevant to Plaintiffs' claims. Information may yet be discovered regarding Ms. Yatanar's location in relation to the Service Box.

As to the "overbreadth" of their request, Plaintiffs seek repair records only from the "narrowly-tailored" period of March 7, 2008 through March 7, 2009. (Mot. at 5.) Inspection records produced by Defendant New York City indicate that a "defective street condition" at the location of the Service Box was remedied in this period. (*Id.*) Discovery has not shown the existence of any other repairs between March 7, 2009 and the date of the Accident. (*Id.* at 10.)

ConEd contends that Plaintiffs' request for records from this period is "patently overbroad in its reach" (Opp. at 7) and cites cases in support of its proposition that it should not be compelled to produce records from a date so far removed from the date of the accident (*id.* at 8–10). None of these

4

cases is on point,[1] and ConEd does not argue or provide any facts to show that production of these documents would constitute an undue burden or expense or otherwise be oppressive.

The documents and deposition testimony that Plaintiffs seek are relevant to their claims that Ms. Yatanar tripped on the Service Box and suffered injuries. ConEd has not made a "particular and specific demonstration of fact" that the documents sought are irrelevant, unduly burdensome to produce, or otherwise disproportionate to the needs of this case. It has not, therefore, met its burden of demonstrating "good cause" for the Court to enter an order of protection.

Accordingly, the Motion is granted as to Plaintiffs' request for production of documents related to repair work performed on the Service Box from March 7, 2008 through March 7, 2009.

**B. Depositions**

Pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs seek to compel ConEd to produce for deposition a witness from ConEd's Electric Operations department who "can testify regarding third parties who should be joined in this case" prior to the deadline to join new parties and the expiration of the statute of limitations period. (Mot. at 1.)

ConEd does not contend that it should not be required to produce a 30(b)(6) witness. (Opp. at 10 ("ConEd stands ready to produce a deposition witness with knowledge of . . . service boxes . . .").) Instead, ConEd contends that "if Plaintiffs will not discontinue against [ConEd] at this time, Plaintiffs should be obliged to submit to deposition prior to any of the Defendants." (*Id.*)

---

[1] In *Rosenberg v. Brooklyn Union Gas Co.*, a 1981 New York State case, the state court limited pre-action discovery to one year. 80 A.D.2d 834 (1981). Similarly, in *Asyrian v. City of N.Y.*, an unreported disposition in New York County Supreme Court, the court did not limit discovery to two years but simply stated that the Department of Transportation performed a search for that period of time. 43 N.Y.S.3d 766 (N.Y. Sup. Ct. 2016). In the other two cases cited by ConEd, the court rejected the defendant employer's request for plaintiff employees' cell phone records to purportedly disprove plaintiffs' wage-and-hour claims. *See Gonzalez v. Allied Concrete Indus., Inc.*, No. 14-CV-4771 (JFB)(AKT), 2016 WL 4444789, at *4 (E.D.N.Y. Aug. 23, 2016); *Morocho v. Stars Jewelry by A Jeweler Corp.*, 345 F.R.D. 292, 295 (S.D.N.Y. 2024).

Federal Rule of Civil Procedure 26 provides that "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

ConEd provides no legal support for its contention that Plaintiffs should be compelled to testify at deposition before the Defendants. Instead, ConEd "urges that Plaintiffs should be required to [be deposed] prior to favoring Plaintiffs with opportunities to develop alternative liability narratives[2] through depositions of Defendants." (Opp. at 9.) ConEd also states that, for personal injury cases filed in New York State Courts, the New York Civil Practice Law and Rules require the plaintiff to be deposed first. (*Id.* at 10.)

Plaintiffs note that the deadline to join new parties—June 30, 2025—and the expiration of the statute of limitations—November 25, 2025—are both approaching, and they contend that their depositions should occur after they seek to add any "necessary parties," so as to avoid Plaintiffs having to be deposed twice. (Mot. at 11.)

Plaintiffs also contend that, regardless of whether ConEd produces the requested documents, testimony of a 30(b)(6) witness is necessary now because the witness would either be able to explain the documents or, in the absence of records being disclosed, testify about ConEd's procedures regarding the service boxes. (*Id.*)

---

[2] ConEd describes Plaintiffs' counsel's conduct in ways that imply he acted improperly: "Plaintiffs' counsel has incredulously changed the Plaintiffs' contentions. . . ." (Opp. at 7); Plaintiffs must "commit to their version of the facts without the moral hazard to justice" (*id.* at 9); "Plaintiff's counsel's demonstrated performance in the City 50-h transcript is one of repeated attempts to alter and substitute for his client's testimony" (*id.* at 9–10); "a pretext for coaching a witness" (*id.* at 10); "[Plaintiffs' counsel] Mr. Giordano boldly claims . . . that he will hire an expert to espouse this incredulous theory" (*id.* at 7); "prohibiting egregious client coaching" (*id.*). While he may disagree with Plaintiffs' theory of the case and diligently advocate for his clients, counsel for ConEd is cautioned to avoid *ad hominem* arguments and to otherwise comply with New York Rule of Professional Conduct 3.3(f) and other professional norms for attorneys appearing before this Court.

6

The Court finds that ConEd has not shown good cause to warrant ordering Plaintiffs to be deposed first. Moreover, the interests of justice favor permitting Plaintiffs to obtain relevant information regarding potentially necessary third parties before the impending deadlines, rather than delaying such discovery until after Plaintiffs' depositions, especially because, if additional parties are added, Plaintiffs may need to be deposed twice.

Accordingly, ConEd's request to compel Plaintiffs to be deposed before any defendant is denied.

## CONCLUSION

For the above reasons, the Motion is granted.

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         June 9, 2025